# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ELIZABETH CABITLA BALLESTEROS,<br><br>Plaintiff,<br><br>v.<br><br>ARIF MOHAMED SAEED MOHAMED AL-ALI and SAMAH ALHARMOODI<br><br>Defendants. | CIVIL ACTION NO. |

## COMPLAINT

CA11- 152 S

### PARTIES

1. The Plaintiff, Elizabeth Cabitla Ballesteros ("Plaintiff"), is citizen of the Philippines.

2. One of the defendants, Arif Mohamed Saeed Mohamed Al-Ali ("Al-Ali"), is a citizen of the United Arab Emirates currently residing in the United States on a student visa issued on or about July 21, 2010 and living at 15 Downing Street, East Greenwich, Rhode Island 02818 (the "residence").

3. The other defendant, Samah Alharmoodi ("Alharmoodi"), is the wife of Al-Ali and a citizen of the United Arab Emirates currently residing in the United States and living at the residence.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 18 U.S.C. § 1595(a).

5. This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367(a) and 29 U.S.C. § 216(b) because these claims are so closely related to Plaintiff's federal claims that they form parts of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b), as events giving rise to this action occurred within the district, and Defendants resides in this district.

## STATEMENT OF FACTS

7. Plaintiff served as a domestic worker for the Defendants and their family from on or about July 21, 2010 until on or about October 7, 2010.

8. At all times relevant to this action, Plaintiff worked at Defendants' residence.

9. At all times relevant to this action, Plaintiff lived with Defendants and their five children. Upon information and belief, the children's ages were 17, 16, 13, 8, and 4 years old.

10. At all times relevant to this action, Plaintiff worked for Defendants under a written contract (the "Contract") that required Plaintiff to care for Defendants' youngest child Monday through Friday, eight hours per day in exchange for $1,600 (U.S.D.) paid to Plaintiff for each month worked.

11. The Contract also required Defendants to pay Plaintiff $10 (U.S.D.) per hour for each hour over 40 hours per week of work.

12. Defendants, under the Contract, were required to pay Plaintiff in cash, but Defendants only sent partial payments to Plaintiff's family in the Philippines as more fully described below.

13. Defendants did not pay Plaintiff or her family in July 2010.

14. Defendants paid Plaintiff's family in the Philippines 700 U.A.E. dirham (approximately $190 U.S.D.) in August 2010.

15. Defendants paid Plaintiff's family in the Philippines 800 U.A.E. dirham (approximately $220 U.S.D.) in September 2010.

16. Defendants did not pay Plaintiff or her family in October 2010.

2

17. At all times relevant to this action, the Defendants directed Plaintiff in her household duties.

18. Defendants required Plaintiff to work from on or about 6:00 am until on or about 11:00 pm Monday through Friday and from on or about 8:00 am until on or about 1:00 am on Saturday and Sunday, for a total of approximately 119 hours per week.

19. Upon information and belief, the residence is a five-bedroom, three-story house with a playground, basketball court, swimming pool, and small garden on the grounds.

20. Defendants also required Plaintiff to care for all their five children, cook three meals daily for the family, clean the house, launder and iron all of the family's clothes, take out the garbage, wash the cars, and clean the garage and the yard.

21. At all times relevant to this action, Defendants never paid Plaintiff the amount of money required by the Contract.

22. At all times relevant to this action, Defendants did not pay Plaintiff for the additional time that she worked.

23. At all times relevant to this action, Defendants did not provide four vacations during each calendar month of employment as required by the Contract.

24. Defendants confiscated Plaintiff's passport and refused to return it to her.

25. Defendants prohibited Plaintiff from leaving the residence unless traveling with Defendants and their family.

26. Defendants told Plaintiff that she should not try to run away because he had the support of the Navy.

27. Plaintiff did not know how to contact the authorities for help.

28. Defendants prohibited Plaintiff from talking to anyone in the U.S. other than the Defendants' family.

29. Defendants prohibited Plaintiff from going to church to observe religious services.

30. For those few times that Plaintiff was permitted to leave Defendants' home, Defendants prohibited Plaintiff from speaking to anyone, repeatedly belittled and demeaned Plaintiff, and would not provide Plaintiff with her passport.

31. Plaintiff suffered as a result of Defendants' abusive, coercive, and fraudulent actions.

32. Defendants had the power to hire Plaintiff and did so.

33. Defendants had the power to fire Plaintiff.

34. Defendants had the power to set the work schedule of Plaintiff and did so.

35. Defendants had the power to supervise Plaintiff and did so.

36. Defendants had the power to control Plaintiff's working conditions and did so.

37. Defendants never paid Plaintiff the federal minimum wage nor overtime pay for all of hours of work for Defendants and their family.

38. Upon information and belief, Defendants willfully and intentionally did not maintain proper employment records of Plaintiff's employment.

## COUNT I

### Forced Labor (18 U.S.C. §§ 1589, 1595)

39. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

40. Plaintiff is authorized to bring these civil claims against Defendants pursuant to the civil remedies provision of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). 18 U.S.C. § 1595.

41. Defendants knowingly obtained the labor and/or services of Plaintiff by means of a scheme, pattern, or plan intended to force Plaintiff to work excessive hours, without pay, and beyond the terms and condition of the agreement.

42. Defendants knowingly obtained the labor and/or services of Plaintiff by confiscating her passport and by other means of abuse or threatened abuse of law or legal process.

43. Defendants knowingly benefited by receiving Plaintiff's labor and services.

44. Defendants' knowing and intentional acts constitute a violation of 18 U.S.C. § 1589.

45. Plaintiff suffered injuries as a result of these actions.

46. Plaintiff is entitled to an award of damages to be determined, damages as a result of pain and suffering, attorneys' fees, and costs.

## COUNT II

### Trafficking with Respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor
### (18 U.S.C. §§ 1590, 1595)

47. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48. Plaintiff is authorized to bring these civil claims against Defendants pursuant to the civil remedies provision of the TVPRA. 18 U.S.C. § 1595.

49. Defendants knowingly recruited, transported, and obtained Plaintiff for labor and services for the purpose of subjecting her to involuntary servitude, debt bondage, or slavery. 18 U.S.C. § 1590.

50. Plaintiff suffered injuries as a result of these actions.

51. Plaintiff is entitled to an award of compensatory and punitive damages to be determined, damages as a result of pain and suffering, attorneys' fees, and costs.

## COUNT III

### Involuntary Servitude

### (18 U.S.C. §§ 1584, 1595)

52. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53. Plaintiff is authorized to bring these civil claims against Defendants pursuant to the civil remedies provision of the TVPRA. 18 U.S.C. § 1595.

54. Defendants knowingly and willfully held Plaintiff in involuntary servitude, in violation of 18 U.S.C. § 1584.

55. Defendants knowingly and willfully brought Plaintiff to the United States to be held in a condition of involuntary servitude, in violation of 18 U.S.C. § 1584.

56. Plaintiff suffered injuries as a result of these actions.

57. Plaintiff is entitled to an award of compensatory and punitive damages to be determined, damages as a result of pain and suffering, attorneys' fees, and costs.

## COUNT IV

### Federal Labor Standards Act (FLSA) Minimum Wage Violation

### (29 U.S.C. § 201, et seq.)

58. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

59. Plaintiff was employed as a domestic worker at all times relevant to this action so that she was engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 206(a).

60. The Fair Minimum Wage Act of 2007, 29 U.S.C. § 206(a), provides that any employee engaged in commerce shall be paid wages at a rate not less than $7.25 per hour during the period of Plaintiff's employment.

61. In all periods of Plaintiff's employment, Defendants knowingly paid Plaintiff an hourly wage far less than the federal minimum wage, in violation of 29 U.S.C. §§ 206 and 218.

62. Defendants' willful and intentional failure to pay Plaintiff a minimum wage violates 29 U.S.C. § 201, et. seq. and the U.S. Department of Labor regulations.

63. Defendants did not act in good faith when they failed to comply with federal minimum wage law.

64. Plaintiff is entitled to an award of damages for unpaid minimum wages in an amount equal to the proper federal minimum wage Plaintiff should have been paid, liquidated damages, attorneys' fees, and costs.

## COUNT V

### Breach of Contract

65. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66. Plaintiff and Defendants entered into a contract that required Defendants to pay Plaintiff $1,600 per month (United States currency) in exchange for a forty- (40) hour work week.

67. The Contract further provided that Plaintiff's job responsibilities were limited to caring for Defendants' youngest son.

68. The Contract further provided that Defendants were required to pay Plaintiff an additional $10 (United States currency) per hour for every hour in excess of the forty- (40) hour work week that Plaintiff worked.

69. Defendants failed, and refused to pay, Plaintiff the wage agreed upon by Contract.

70. Defendants required Plaintiff to work beyond the forty-hour work week agreed upon by contract.

71. Defendants required Plaintiff to provide services beyond the scope of the work agreed upon by Contract.

72. Defendants' conduct has breached the terms of the contract.

73. Plaintiff is entitled to compensatory damages for the actual amount of wages and for all overtime wages agreed upon by contract.

## COUNT VI

### Breach of Contract: Attorneys' Fees under R.I. Gen. Laws § 9-1-45

74. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75. Plaintiff is entitled to full payment in satisfaction of the Contract.

76. Plaintiff has demanded full payment from the Defendants in satisfaction of the Contract.

77. Defendants have refused to pay the Plaintiff under the terms of the Contract.

78. Defendants have no basis for failing to pay the Plaintiff in accordance with the terms of the Contract.

79. Plaintiff is entitled to the award of reasonable attorney's fees because of the breach of Contract by Defendants.

## COUNT VII

### Negligent Infliction of Emotional Distress

80. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

81. Defendants owed Plaintiff a duty of care as her employer and sponsor while working in the United States.

82. Defendants breached that duty of care by engaging in the conduct described above including, but not limited to, forcing and coercing the Plaintiff to work additional hours and tasks, restricting the Plaintiff's travel, withholding the Plaintiff's passport, and threatening the Plaintiff with repercussions if she tried to leave.

83. Defendants' conduct and breach of the duty of care caused the Plaintiff to suffer grave emotional distress, including anxiety, humiliation, and fear.

## COUNT VIII

### Intentional Infliction of Emotional Distress

84. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85. Defendants intentionally engaged in conduct described above, including, but not limited to, forcing the Plaintiff to work additional hours and tasks, restricting the Plaintiffs' travel, withholding the Plaintiffs' passport, and threatening the Plaintiff with repercussions if she tried to leave.

86. Defendants conduct inflicted grave emotional distress on the Plaintiff, including anxiety, humiliation, and fear.

## COUNT IX

### False Imprisonment

87. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

88. Defendants prohibited the Plaintiff from leaving the residence or their employ at all times during which the Plaintiff worked for them.

89. Defendants withheld the Plaintiff's passport so that she would not be able to leave the residence or the Defendants' employ.

90. Defendants threatened the Plaintiff with repercussions if she attempted to leave the residence or their employ.

91. Defendants' conduct falsely imprisoned the Plaintiff at all times she was in their employ in the United States.

## COUNT XII

### Civil Liability for Crimes and Offenses (R.I. Gen. Laws § 9-1-2)

92. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

93. Plaintiff has suffered injuries as a result of the Defendants criminal fraud in the employment of the Plaintiff.

94. Defendants are liable to the Plaintiff for civil damages as a result of their criminal fraud pursuant to Rhode Island General Laws §9-1-2.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that a judgment be granted as follows:

1. Award Plaintiff unpaid wages, including minimum wages, overtime premiums, and liquidated damages, pursuant to 29 U.S.C. § 216(b).

2. Award Plaintiff compensatory damages, punitive damages, and pain and suffering pursuant to 18 U.S.C. §§ 1584, 1589, 1590, and § 1595;

3. Award Plaintiff compensatory damages for Defendants' breach of contract;

4. Award Plaintiff attorney's fees and costs pursuant to R.I. Gen. Laws § 9-1-45;

5. Award Plaintiff attorney's fees and costs pursuant to R.I. Gen. Laws § 9-1-2.

6. Award Plaintiff damages for Defendants' intentional and negligence infliction of emotional distress and for false imprisonment;

7. Award Plaintiff attorney's fees and costs; and

8. Award Plaintiff such other and further relief as the Court may deed just and proper.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all counts of this Complaint.

Respectfully submitted,

ELIZABETH CABITLA BALLESTEROS

By Her Attorneys,

/s/ Samuel C. Bodurtha
Samuel C. Bodurtha, No. 7075
sbodurtha@hinshawlaw.com
HINSHAW & CULBERTSON LLP
155 South Main Street, Suite 304
Providence, Rhode Island 02903
401-751-0842
617-213-7001 (facsimile)

Dated: April 11, 2011.

Of counsel:

/s/ Ivy O. Suriyopas by Sam #7075
Ivy O. Suriyopas, Esq.
Asian American Legal Defense and Education Fund (IS 6541)
99 Hudson Street, 12th Fl.
New York, NY 10013
T-212-966-5932 x235
F-212-966-4303
isuriyopas@aaldef.org