UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| ELIZABETH CABITLA BALLESTEROS, | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | CA No: 11-152 M |
| ARIF MOHAMED SAEED MOHAMED AL-ALI and SAMAH ALHARMOODI | ) ) ) |  |
| Defendants. | ) ) |  |

## **ORDER**

This matter is before the Court on Plaintiff Elizabeth Cabitla Ballesteros's proof of damages. This Court has previously entered default pursuant to Rules 16(f) and 37(b)(2)(A)(vi) of the Federal Rules of Civil Procedure against the Defendant, Arif Mohed Saeed Mohamed Al-Ali. (ECF No. 23.)

Because the amount of the damages is not for a sum certain and is not for a sum that can be made certain by computation, this Court noticed a hearing to permit Ms. Ballesteros to establish the extent of her damages. *Eisler v. Strizler*, 535 F.2d 148, 153-54 (1st Cir. 1976). All of the allegations in the complaint are to be taken as true upon the entry of default. *Security and Exchange Commission v. Lock Capital Management, Inc.*, 726 F. Supp. 2d 105, 106 (D.R.I. 2010). A trial judge under Rule 55 of the Federal Rules of Civil Procedure has "considerable latitude in determining the *amount* of damages." *Jones v. Winnepesauke Realty*, 990 F. 2d 1, 4 (1st Cir. 1993) (emphasis in original).

In determining the appropriate amount of damages to award Ms. Ballesteros, this Court took the allegations contained in the complaint as true. Further, it considered the testimony of

Ms. Ballesteros as well as the exhibits submitted during the hearing including the declarations of Cecilia Heredia and Elizabeth Stearns.

As to all of the claims for damages, this Court, after hearing Ms. Ballesteros' testimony, and observing her demeanor on the witness stand, determines that Ms. Ballesteros was a highly credible witness.  This Court finds that her testimony about the conditions of her employment and her treatment at the hands of the Mr. Al-Ali was compelling and believable.

**Breach of Contract Claims**

Pursuant to the claims for breach of contract (Counts 5 and 6), the Court has determined that the contract called for Mr. Al-Ali to pay Ms. Ballesteros $400 per week, for a 40 hour work week (5 days per week) for the care of one of Mr. Al-Ali's minor children.

- For the period of 12 weeks of her employment, Ms. Ballesteros is owed $4,800.

- Because Ms. Ballesteros was required to work in excess of those hours – being on call 24 hours per day, 7 days per week - she is entitled to overtime at the contracted rate of $10 per hour - doubled to $20 per hour because it is overtime.  For the additional 16 hours per day, plus the additional 48 hours per week (she worked 7 days instead of 5), totaling 1920 hours (16 hours per day for 12 weeks plus 48 hours per week for 12 weeks), Ms. Ballesteros is owed $38,400.

- In addition, because the work went well beyond the care of one minor child and included the care of all of the children, as well as housekeeping, cooking and other household chores, Ms. Ballesteros is entitled to additional compensation.  This Court believes that additional work was at least triple the contracted for work.

- While the attorneys that represented Ms. Ballesteros, Ms. Ivy O. Suriyopas of the Asian American Legal Defense and Education Fund and Mr. Samuel C. Bodurtha of the law firm of Hinshaw & Culbertson did so on a pro bono basis, there was a $1000 expense for interpreter services that this Court will award Ms. Ballesteros.

Therefore, for her breach of contract claim, this Court awards Ms. Ballesteros **$130,600** ($4800 + $38,400 X 3 + $1000).

**Statutory Violations**

For the violations of the statutes set forth in Counts 1 through 4, Ms. Ballesteros is entitled to double her breach of contract damages for a total of **$261,200**.

**False Imprisonment and Negligent/Intentional Infliction of Emotional Distress Claims**

Ms. Ballesteros also filed claims for false imprisonment and negligent and intentional infliction of emotional distress (Counts 7 - 9).  The Complaint alleges that Mr. Al-Ali "forc[ed] the Plaintiff to work additional hours and tasks, restrict[ed] the Plaintiff's travel, with[eld] the Plaintiff's passport, and threaten[ed] the Plaintiff with repercussions if she tired to leave."  The allegations of the complaint (which this Court accepts as true) coupled with the testimony of Ms. Ballesteros that these Court observed during the hearing on damages, establish outrageous, illegal, and inhumane conduct on the part of Mr. Al-Ali.  The emotional toll it had on Ms. Ballesteros was obvious to this Court in observing her testimony.  Assigning a dollar amount to this is clearly not an exact science but this court believes the amount should be tied to the severity of the conduct as well as the length of time Ms. Ballesteros endured the pain.  This Court believes that an award of $10,000 per day for each of 84 days that Ms. Ballesteros was

imprisoned and subjected to emotional abuse is appropriate. Therefore the Court awards Ms. Ballesteros **$840,000** for these claims.

**Conclusion**

This Court hereby awards Elizabeth Cabitla Ballesteros judgment against Arif Mohamed Saeed Mohamed Al-Ali in the amount of **$1,231,800** plus interest at the state statutory rate of 12%. Plaintiff shall file a request for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Plaintiff shall also submit a form of judgment to the Court for entry.

SO ORDERED:

s/ John J. McConnell, Jr.
_____

John J. McConnell, Jr.
United States District Judge

December 26, 2012